Matter of Attorneys in Violation of Judiciary Law § 468-a (Notis) (2024 NY Slip Op 03920)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Notis)

2024 NY Slip Op 03920

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

PM-143-24
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Gareth William Notis, Respondent. (Attorney Registration No. 2993996.)

Calendar Date:June 24, 2024

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Gareth William Notis, Duxbury, Massachusetts, respondent pro se.

Motion by respondent for an order reinstating him to the practice of law following his suspension by September 2009 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1470 [3d Dept 2009]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16), and, in succession, for an order granting him leave to resign for nondisciplinary reasons (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22).
Upon reading respondent's notice of motion and affidavit with exhibit sworn to May 9, 2024, his nondisciplinary resignation affidavit sworn to May 9, 2024 and his supplemental affidavit with exhibit sworn to May 23, 2024, and the June 14, 2024 responsive correspondence from petitioner, and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the rules of this Court, (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), we grant his motion for reinstatement. Furthermore, having determined that respondent is eligible to resign for nondisciplinary reasons, we grant his application and accept his resignation.[FN1]
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately; and it is further
ORDERED that respondent's application for leave to resign is simultaneously granted and his nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22[b]); it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.
Pritzker, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ., concur.

Footnotes

Footnote 1: In light of respondent's formal resignation from the practice of law in New York, we excuse his noncompliance with Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5) (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Kapur], 227 AD3d 1319, 1320 n [3d Dept 2024]).